IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff,*<br><br> v.<br><br>SAMUEL BROOKS,<br><br>     *Defendant.* | Criminal No. 14-131 |

OPINION

  Counsel for defendant Samuel Brooks ("Brooks") filed a motion under seal for release from pretrial detention in light of the Covid-19 pandemic (ECF No. 405). Brooks seeks release because he has asthma and an unknown stomach condition. He is 33 years old. The government filed an expedited response in opposition to Brooks' request to be released (ECF No. 407).

  For the reasons that follow, Brooks' motion will be denied. Although the motion and attachments contain confidential information, the court concludes that this opinion does not need to be under seal. *See Akan v. Summers*, No. CV 17-89, 2019 WL 6270992, at *3 (W.D. Pa. Nov. 25, 2019) (even if a party can make a specific showing that overcomes the public right of access with respect to specific documents on the court's docket, the entire record should not be sealed).

Procedural History

On October 14, 2014, Brooks pleaded guilty to conspiracy to possess with intent to distribute 100 grams or more of heroin. On February 23, 2015, he was sentenced to 60 months of imprisonment, to be followed by 4 years of supervised release. He served his prison sentence and began his supervised release on October 5, 2017.

On November 7, 2018, the probation office filed a petition to revoke Brooks' supervised release (ECF No. 337). The probation office reported that Brooks was charged with committing another federal felony, namely, possession with intent to distribute a quantity of heroin and fentanyl, and tested positive for marijuana on two occasions. The probation office requested that Brooks be detained until the final revocation hearing. The court ordered Brooks' arrest, with no bond to be set (ECF No. 340). He has been detained since November 2018 and is currently located at Northeast Ohio Correctional Center ("NEOCC"). The supervised release revocation hearing in this case has been postponed numerous times, at Brooks' request, because the new criminal charges, filed at Crim. No. 18-mj-1454, remain unresolved.

Legal Analysis

In his pending motion, Brooks does not contest that he is lawfully detained under the provisions of 18 U.S.C. § 3142. Brooks did not cite a statutory basis for his release. The court has evaluated Brooks' request under the provision of the Bail Reform Act governing temporary release, which states in pertinent part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason."*** 18 U.S.C.

2

§ 3142(i) (emphasis added). The court is unaware of any authority that provides a defendant with a right to a hearing. The court is able to resolve the motion without a hearing or oral argument.

Brooks contends that he is at much graver risk of contracting Covid-19 at NEOCC than if released to home confinement. He argues he is particularly vulnerable in that he suffers from asthma and an officer at NEOCC tested positive for Covid-19. Brooks argues that these changed circumstances require his immediate release.

Brooks contends that he is not a flight risk and has an appropriate release plan, i.e., residing with his fiance and her five children. He argues that he does not pose "safety of the community" concerns because his offenses are non-violent. In the motion, Brooks recognizes that continued detention may be appropriate for violent felons or those facing 25 years or more in prison (ECF No. 405 at 3).

In opposing the motion, the government and probation office maintain that Brooks poses a serious danger to the community, if released, which outweighs any incremental risk of contracting Covid-19 he faces if he remains detained. The government represents that Brooks is within the category of persons for which he concedes detention is appropriate. In the new criminal case, Brooks may be treated as a career offender if convicted and may face an advisory guideline range of 360 months to life imprisonment (ECF No. 407 at 2). If the government files a § 851 information, Brooks will face a statutory mandatory minimum of 10 years in prison at that case. The government opposes the release plan as insufficient to prevent further drug dealing, pointing out that 73 bricks of fentanyl were recovered from Brooks' home.

The government acknowledges that one contractor and three staff members at

NEOCC, to date, have tested positive for Covid-19. The contractor was in the facility on April 2, 2020, tested positive on April 6, 2020, and returned to work on April 28, 2020, after being quarantined; none of the staff members would have had physical contact with Brooks and they have not returned to work (ECF No. 407 at 6-7). No inmates at NEOCC are exhibiting Covid-19 symptoms. *Id*.

Brooks faces a risk of exposure while in custody. Unfortunately, that potential risk exists anywhere in the community. As explained in detail by the government in its response, the NEOCC, along with this court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the individuals detained at NEOCC. Brooks did not identify any specific shortcomings in NEOCC's Covid-19 response and mitigation efforts. There is no indication that Brooks' medical needs are not being addressed at the NEOCC; in fact, he is seemingly receiving appropriate medical care. While the court is sympathetic to Brooks' asthma and the possible complications caused by Covid-19, he did not point to any contact he had with any affected individuals. The letter from the NEOCC, which Brooks attached to his motion, specified that Brooks did not need to be quarantined due to possible exposure to the officer who contracted Covid-19 (ECF No. 405-3). Speculation concerning possible future conditions does not constitute a "compelling reason" for temporary release. In other words, Brooks' current arguments for release do not outweigh the factors considered by the court in ordering his detention.

In *United States v. Fiumara*, Crim. No. 15-94, the court denied a similar motion to revoke a "no bond" order issued in response to a petition to revoke the defendant's supervision. As in this case, the petition reported that the defendant engaged in serious drug-trafficking activities

while on court supervision, tested positive for drugs, and faced a statutory mandatory minimum of 10 years in prison on the new charges. (Criminal No. 15-94, ECF No. 95). The court concluded that the danger to the community posed by further drug dealing warranted continued detention.

The same reasoning applies in this case. The threat of distribution of heroin and fentanyl by Brooks, if released, poses a significant (and perhaps fatal) danger to the community. In light of Brooks' numerous and serious alleged violations of the conditions of his supervised release, the court concludes that appropriate conditions of release could not be fashioned to protect the safety of the community.

Conclusion

The court concludes that the order detaining Brooks remains appropriate. Temporary release of Brooks is not warranted. The Motion for Release from pretrial detention in light of the Covid-19 pandemic (ECF No. 405) will be DENIED.

An appropriate order follows.

Dated:  April 30, 2020

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge